No. 12,323.

SMITH BROS. & CO., LIMITED, AND GENTRY BROS. VS. W. J. ATHENS LUMBER COMPANY, LIMITED.

*Amending Judgment at instance of Appellee.*—While it is true that appellees can not have a judgment amended *inter se*, a judgment may be amended between one of the appellees and the appellant, on the former's anwer to the appeal, if the amendment does not affect the interest of his co-appellees.

*General Privileges.*—Although different properties are covered by two mortgages, in an insolvency the general privileges must be borne by the junior mortgage, if the proceeds of unencumbered property are not sufficient to satisfy the general privileges.

*Clerk's Salary.*—The claim for clerk's salary, prior to insolvency, not recorded, is not secured by privilege on the immovable property of the insolvent.

APPEAL from the Civil District Court for the Parish of Orleans. Théard, J.

---

*Henry P. Dart* and *Benjamin W. Kernan* for Henry Wellman, Opponent, Appellee.

---

*Harry H. Hall* and *N. R. Roberts* for J. A. Fay & Co., Opponents, Appellees.

---

*F. L. Richardson* for New Orleans National Bank, Opponent, Appellee.

---

*Mercer W. Patton* for F. W. Bandy, Opponent, Appellee.

---

Argued and submitted on briefs April 2, 1897.
Opinion handed down April 12, 1897.

The opinion of the court was delivered by

BREAUX, J. The liquidator of the W. J. Athens Lumber Company, Limited, filed an account of his administration.

Seven oppositions were tendered to the account. The questions raised were considered and passed upon and the account subsequently was approved in accordance with the views of the court *a qua* and a judgment rendered.

One of the opponents, Henry Wellman, appealed from the judgment of homologation. He was a mortgage creditor of the insolvent company; this mortgage was a junior mortgage. The decree ordered that the costs of administration be paid out of the proceeds of unencumbered property. The amount of the sales of unencumbered property was not large enough to pay the cost of administration. There remained unpaid, after supplying the amount as just stated, the sum of six hundred and seventy dollars and ninety-four cents, which balance the court ordered to be paid out of the proceeds of the mortgaged property, by preference over the mortgage creditors.

The appellant does not object to the ruling, but on the contrary admits that the amount, his proportion, is correctly charged.

In the account it is fixed at three hundred and forty-nine dollars and twenty-nine cents. The proportion of another creditor, the New Orleans National Bank, whose claim is secured by mortgage preceding the Wellman mortgage in rank, is three hundred and twenty-seven dollars and fifty-one cents.

The last named creditor is an appellee before this court. It urges as a reason why it should not be charged with the sum last stated, that the mortgage junior in rank should be required to pay the two amounts just stated: expenses of administration, without regard to the fact that the mortgages rest against different tracts of land.

We have noticed that the creditor whose mortgage is first in rank does not appeal, but filed an answer before this court, asking that the judgment be amended so as to relieve him from the contribution of three hundred and twenty-seven dollars, and fifty-one cents, the only amount involved in so far as it is concerned on appeal.

The appellant, opposing this demand to amend, avers that the amendment can not be made on an answer. That the creditors other than this appellee, and the appellee himself, are all co-appellees and an appeal is the remedy.

The appellant Wellman, in the District Court, opposed items for

the salaries of clerks, on the ground that if due, they were not privileged.

This opposition having been dismissed, the account as amended and reinstated by the Judge of the District Court, was homologated.

We take up the first issue for our determination, growing out of appellants' objection to an amendment of a judgment on the answer of one of the appellees, affecting the interests of the co-appellees.

It is true, this court is seized of jurisdiction to amend a judgment as between appellant and appellee, and not as between the appellees, but we do not understand in this case that the answer, praying an amendment filed by one of the appellees, can, in any manner, affect the rights of the other appellees. The question is exclusively one between the appellant and the appellee praying for an amendment of the judgment. Be the result what it may between the appellant and this appellee, not one of the other appellees will receive less on his claim. Whether the mortgage prior in rank shall suffer a contribution in favor of the law charges and other expenses of administration, is the only issue.

The proceeds of unencumbered property had been applied to the payment of cost. The appellees, other than the mortgagee Wellman, have interest in the contribution which must be made to pay the balance.

The position may be summed up thus: The mortgage creditor, appellee, says to the creditor with mortgage junior in rank: "Your mortgage must be charged with this amount and not my mortgage."

Be the answer and result what it may, the other creditors are without interest.

Two appellees with concurrent rights, one remaining silent and the other seeking to have the judgment amended, the case would be different. The rule invoked by the appellant would apply. Here no interest of any other appellee, prior, concurrent or subsequent, is involved.

The next issue in the case involves the application of the principle that the first mortgage creditor, having his mortgage upon a single immovable, has in the event of insolvency the right to insist that the proceeds of the movables and of the immovables upon which rest mortgages junior in rank, be exhausted before his fund can be made to contribute to the payment of the general privileged claims. The mortgage of the appellant we have seen was

the junior mortgage. The decisions invariably hold that the junior mortgage must contribute the required amount. Devron vs. His Creditors, 11 An. 482; Deverges vs. His Creditors, 18 An. 169; Succession of O'Laughlin, 18 An. 142; Ventress vs. His Creditors, 20 An. 359; Succession of Rousseau, 23 An. 3; Succession of Marc, 29 An. 414. It follows that the amount of three hundred and twenty-seven dollars and fifty-one cents, heretofore charged to the appellee, must be charged to the appellant.

This brings us to the objection of appellant to the salaries of three clerks, amounting to five hundred and seventy-three dollars and fifty-one cents, viz.:

| | |
|---|---|
| Bondy | $253 70 |
| LeBlanc | 142 00 |
| Navra | 177 81 |

The record does not show that these claims were recorded, nor does it appear that the services for which salaries are claimed were rendered after the insolvency had been declared. These claims were all opposed. The *onus* of proof was with these creditors. We are compelled to hold that they have no privilege whatever, as against immovable property, since it does not appear that their claims were recorded.

The law is clear, no privilege on immovable property, such as here claimed, shall affect third persons unless duly recorded.

These claims were numbered 40, 41, 42 in the account and were charged to items 12 and 13 of assets in their proper proportion. These last items, assets, cover the immovable property upon which the appellant had a mortgage.

It is ordered, adjudged and decreed that the judgment appealed from be amended by crediting the appellee, the New Orleans National Bank, with the amount of three hundred and twenty-seven dollars and fifty-one cents, and debiting the appellant, Henry Wellman, with the sum of three hundred and twenty-seven dollars and fifty-one cents.

It is further ordered, adjudged and decreed that the claims of Bondy for two hundred and fifty-three dollars and seventy cents, of O. L. LeBlanc for one hundred and forty-two dollars, and L. J. Navra for one hundred and seventy-seven dollars and eighty-one cents, be not charged to said items 12 and 13. The claims of these three clerks

for salaries in so far as relates to a privilege on appellants' property are dismissed.

The liquidator's account and the judgment of homologation having been amended, as amended the judgment is affirmed at appellees' costs.